CASE 15—PETITION ORDINARY—OCTOBER 21.

# Roberts v. Clay City.

APPEAL FROM POWELL CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—REPEAL OF CHARTER.—Under the provisions of section 4433 of the Kentucky Statutes, which is a part of the common school law, that "this law is not to affect or repeal the charter or amendments thereto of any city or town, in so far as the charter or amendment relates to the public schools of the cities or towns," the provisions of special charters with reference to the conduct of public schools which were in force prior to the enactment of general charters, continue in force where there are no provisions on that subject in the general charters applicable to such cities.

2. SCHOOL TEACHERS—CONTRACT OF EMPLOYMENT.—It is not essential to the validity of a contract made with a teacher by the city council that it should be in writing in the absence of a provision to that effect in city charter.

3. CONTRACTS.—A memorandum entered upon the minute book of a city council reciting that one was elected as assistant teacher of the public school and that "on motion it was declared that the principal receive $55 per month and assistant $45, and this apportionment is recommended," the minutes never having been signed by the mayor or attested by the clerk, and there never having been any acceptance, by either the principal or assistant teacher, of the proposition embodied in the memorandum, there was no contract of employment.

Roberts v. Clay City.

C. B. HANCOCK FOR APPELLANT.

1. There being no provisions in the charter for cities of the fifth class for an educational board, the powers granted to the city council under its old charter were expressly preserved intact by the provisions of the common school law. Section 4433 of the Ky. Stats.

2. Under the general charter the signature of the mayor is not essential to the validity of an ordinance, and unless it is so made essential by the express terms of the charter, the requirement is only directory and is not essential to the validity of the ordinance. Horr & Bemis on Municipal Ordinances, section 49, 11 Ohio St., 103; 63 Alabama, 206; 7 Hill (N. Y.), 9; 25 Wendell (N. Y.), 693.

3. The power which survived to the city council from the old charter as to the selection and compensation of school teachers leaves it absolutely discretionary with that body as to the manner of performing that duty, or exercising that power. A mere minute, provided it is of record, is sufficient to validate the contract. Butler v. Passaic, 4 N. J. L., 171; Blanchard v. Bissell, 11 Ohio St., 96; Horr & Bemis on Municipal Ordinances, sec. 210; Quincy v. Chicago, &c., R. R. Co., 92 Ill., 21; Burlington v. Denison, 42 N. J. L., 165.

J. B. WHITE OF COUNSEL ON SAME SIDE.

ATKINSON & SPENCER FOR APPELLEE.

1. Appellee's schools being governed and controlled by the common school law the contract of employment with a teacher could not be valid, unless in writing and signed by the teacher and at least two of the trustees. Secs. 4433-4445, Ky. Stats.

2. The record shows that the minutes of the special meeting, at which appellant claims he was employed, were never signed by the mayor, or any officer of the appellee, and does not show that the proceedings of that meeting were ever approved, or that any contract was ever completed between the parties.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellant instituted this suit to recover damages for a breach of contract by appellee in failing to comply with its agreement in employing him as assistant teacher in the public schools of the city. The contract which he relies on, and which is denied by appellee, is alleged to be embodied

in this memorandum, entered upon the minute book of the Clay City Board of Council: "Clay City, Ky., July 12, 1895. Special meeting of Clay City Board of Council. Met pursuant to call of mayor for the purpose of selecting an assistant teacher. Present: H. Waldron, mayor; W. D. Lisle, Councilmen P. A. Hale, W. R. Cassidy, R. A. Bohannon and T. H. Hunter. The following applications presented for assistant teacher: Hattie Tipton, C. J. Roberts, Carrie Russell. On ballot C. J. Roberts received three votes, Tipton one vote and Carrie Russell one vote, Roberts being declared elected. On motion it was declared that the principal receive $55 per month and assistant $45, and this apportionment is recommended. On motion council adjourned.

"Attest: T. H. HUNTER, Clerk, C. C. pro tem."

He further alleges that the defendant is a city of the fifth class, governed by general laws relating to cities of that class; that prior to the passage of the general law it was governed by the provisions of a special charter, in which the legislative power was vested in five councilmen, styled the board of council of Clay City, who, in addition to other powers, were authorized "to establish a system of public schools, to fix and establish courses of instruction, select and compensate the teachers thereof, provide for the erection or repair of all needful school houses" and were given power to levy a tax not exceeding twenty-five cents on every one hundred dollars' worth of property taxable by law for State purposes for school purposes, and that the city was declared by the terms of the act to be one district (See Acts 1889, vol. 2, page 957.) The testimony shows that pursuant to this authority the board of council had estab-

lished and maintained a system of public and common schools in Clay City adequate to the teaching of all children therein, and which all applying for instruction were permitted to attend free of charge, and had selected and compensated the teachers thereof; that the board of council continued to maintain this system up to the time of the adoption of the present Constitution and until the passage of the present law for the government of the common schools; that their successors in office had, since the adoption of the present Constitution and the passage and approval of the existing common school laws, continued to maintain in that city a system of common schools under the provisions of the old charter; that there was no school board or trustees or board of education or other governing body for the schools elected or acting in the Clay City district except the city council, the defendant.

The charters of cities of the fifth class makes no provision for public education or for the establishment of schools therein, and it follows, therefore, that matters connected with this important subject are controlled either by the provisions of the common school law or by the old charter under which defendant was governed at the time of the passage of the common school law. The framers of the common school law seem to have had in view the exact condition of the defendant on this subject, and to have made provision therefor by section 4433 of the Kentucky Statutes (which is a provision of the common school law), wherein it is provided that "this law is not to affect or repeal the charter or amendments thereto of any city or town, in so far as the charter or amendment relates to the public schools of the

cities or towns. Nor shall the law affect, modify or repeal
any local or special laws now in force for the benefit of any
school, high school or other institution of learning in the
State," except to require that all teachers having charge of
common school pupils shall hold certificates and be sub-
ject to the provisions of the common school law. The
powers of the council as to public schools are by this sec-
tion preserved intact, and they are still clothed with all the
powers conferred upon them by the old charter in conduct-
ing the schools of the city and employing teachers thereof.
The old charter did not prescribe the manner of selecting
the teachers or require that contracts made with them
should be in writing. This matter was left entirely to the
discretion of the city council; hence it is not essential to the
validity of a contract made with a teacher by the city council
that it should conform to the provisions of the common
school law regulating the employment of teachers of district
common schools, in order to be binding upon the city. If
the articles of incorporation of a town require contracts of
the municipality to be in writing, this restriction must be
observed, or the contract made by it will be invalid; but
where there is no such requirement there is nothing to pre-
vent a municipal corporation from contracting by parol
through duly authorized agents pursuant to authority dele-
gated to them by the board of council or governing author-
ity.

The only question, then, left for our determination is whe-
ther the resolution copied from the minute book of the city
council, which is relied on by the plaintiff as the basis of his
claim against defendant, amounts to a contract of employ-

ment by defendant for his services as teacher at $45 per month. It is evident that the city intended to limit its liability for salaries to teachers to $100 per month. The record recites that appellant was selected as teacher, but when it comes to fixing compensation it is declared that the principal receive $55 per month and the assistant $45, "and this apportionment is recommended." This language is peculiar. It certainly implies that there was to be some further consideration of this question by somebody. The apportionment of the salaries was not final; it was simply a recommendation; and the record does not specifically state to whom this recommendation was made. It does not apply to the assistant teacher alone, as the principal teacher was interested in this matter equally with the assistant. It was evidently a suggestion or proposition on the part of the council made to the principal and assistant teacher as a proper adjustment of the proportion of the public funds which each of them should receive for his services, and before it became a final contract, binding upon the defendant, required an acceptance of the proposition not only by the plaintiff, but also by the principal teacher, who was equally interested with him.

There is no evidence tending to show that such an agreement was ever reached between the principal and assistant teacher as to the proportionment suggested or that any other contract, either in writing or by parol, was ever made by the city with the plaintiff, pursuant to this resolution, until the marshal, at the suggestion of defendant, requested appellant to sign the contract at $35 per month as a condition of employment, and, as he refused to do this, we do not think

he has shown himself entitled to recover in this action. The fact that the minutes containing this resolution were never signed by the mayor or attested by the secretary or clerk of the board of council indicates that they did not regard the matter as settled or adjusted.

For these reasons the judgment is affirmed.