CASE 85—AGREED CASE—FEB. 16.

## Harrodsburg Educational District No. 28, Etc. v. Trustees of Colored School District, No. 1, Etc.

APPEAL FROM MERCER CIRCUIT COURT.

SCHOOL TAXATION—APPORTIONMENT BETWEEN WHITE AND COLORED DISTRICTS.—A tax collected from a railroad company under sec. 4101, of the Kentucky Statutes under a levy made by a white school district is apportionable to the white and colored school districts in proportion to pupils.

THOMAS C. BELL, FOR APPELLANT.

1. The fund raised by appellant is not raised under any sections of the Kentucky Statutes but under its special charter.
2. The appellee is entitled to none of this fund because it has never voted or collected any local tax.
3. The agreed facts show that the colored common school district is not located over the same boundary as the white school district, but a very much larger territory.
4. Section 4101 of the statute is unconstitutional. Pineville Graded School v. Bell County Coke & Improvement Co., 96 Ky., 68.
5. The section referred to must be deemed to have been repealed if the construction given it by appellee be correct.

Citations: Ky. Stats., secs. 4101, 4488, 4100, 4464, 4487; Acts of 1891, 2, 3, page 336; Acts of 1876, vol. 2, p. 516; Trustees of

Pineville Graded School v. Bell County Coke & Improvement Co., 96 Ky., 68.

GAITHER & VANARSDALE, FOR THE APPELLEE.

The positions contended for by learned counsel for the appellant in the lower court are unsound. These positions are first: That appellant was created by a special act, and that sec. 4101, Ky. Stats., does not refer to appellant's district; second: that no colored school district can take any part of the taxes collected from a corporation unless the colored district trustees have levied a tax for school purposes upon colored property in the district; and third: that no colored school is entitled to any part of the taxes collected from a railroad for school purposes unless the colored district has identically the same boundary as the white district in which the tax is levied.

Citations: Ky. Stats., secs. 4101, 4428; Common School Law of 1896, p. 170; Acts of 1876, vol. 2., p. 516; Board of Trustees of Pineville Public Graded School v. Bell County Coke & Improvement Co., 96 Ky., 68.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This case is presented on an agreed statement of facts, and presents the question as to the division, if any, of certain funds collected from a railroad company as taxes at the rate levied by appellant, a white school district.

Section 4101 of the Kentucky Statutes, being section 6 of article 4 (entitled "Assessment of and Payment of Taxes by Railroads)" of an act of November 11, 1892 (entitled "Revenue and Taxation)," reads as follows: "The provisions of this law shall not be construed to apply to any colored school district: provided, that the same rate of taxation assessed against the real estate of any railroad company or corporation in any graded common school district, or common school district in any year, shall be assessed against all the taxable property in such district, and the railroad tax when collected, shall be paid over to the county superintendent of the county in which the

district school-house wherein the tax assessed shall be situated, and shall constitute and be held by the county superintendent as a graded or common district school fund; and the said fund shall be apportioned and distributed by the county superintendent between the white graded common school or white common school district wherein said tax shall be collected and any colored common school district which shall be located over the same boundary; the distribution shall be in the ratio that the whole number of colored children of pupil age residing in the district shall bear to the whole number of children, white and colored, residing in the district wherein such tax shall be collected."

The agreed facts show that for certain years the appellant, a white school district, levied certain taxes, and a railroad corporation paid its tax due under that assessment to the county superintendent of schools; that the appellee, a colored school district for those same years, did not levy any tax at all; that, under the act above, the appellee is claiming its distributable share of this railroad tax as paid.   The amount of the taxes paid, the number of pupils, both white and colored; and the payments, are all agreed upon in the statement.   The case was submitted to the court upon this agreed statement of facts.   The court adjudged that appellee was entitled to a distributable share of the taxes, and, by calculation, fixed the amount, and directed the county superintendent to pay as the judgment indicated.

Appellant agrees that, if appellee is entitled to any sum, the amount found by the circuit court is correct.   A careful search of the statutes and acts will disclose the fact that no power is given to any colored school district to tax any property save that belonging to colored peo-

ple; and this section under consideration, by its express terms, provides that no colored school district can levy and collect a tax from a railroad company. The right to tax a railroad company for school purposes is exclusive to the white school districts; and, when this right is exercised by the white district, it is provided that there shall be a pro rata distribution of the tax with the colored district. If the white district levies ho tax, no tax is paid by the railroad, although the colored district may levy on the property of the colored people a tax; but, if the white district does levy a tax, the railroad tax collected is distributed ratably to the colored district, regardless of whether it levies a tax or not. This is the plain and clear meaning of the statute. Its wisdom or policy is for the Legislature, not the courts.

The judgment of the court below, being in accordance with these views, is affirmed.