932 KENTUCKY REPORTS. [Vol. 110

Board Ed. of Hawesville, &c. v. Louisville, H. & St. L. Ry. Co.

CASE 111—ACTION TO RECOVER TAXES—MAY 21.

# Board of Education of Hawesville v. Louisville, H. & St. L. Ry. Co.

APPEAL FROM HANCOCK CIRCUIT COURT.

JUDGMENT FOR DEFENDAN TAND PLAINTIFFS APPEAL. REVERSED.

MUNICIPAL CORPORATION—BOARD OF EDUCATION—POWER TO LEVY TAX TO PAY BONDS ISSUED BY SCHOOL DISTRICT—REPEAL OF CITY CHARTER—PLEADING OF PRIVATE ACTS—ACTION TO RECOVER TAXES.

Held: 1. A corporation was created, with power to borrow money, and to issue bonds therefor, to be used to erect school buildings and to carry on a graded school in a school district embracing all of a town and certain territory outside the town. The trustees of the corporation consisted of the trustees of the town and the common-school trustees of the district, and they were authorized to levy a tax to pay the bonds provided for. Thereafter the boundary of the town was enlarged so as to be co-extensive with the school district and provision was made for the election of a board of education, with all the powers originally conferred upon the common-school district. Held, that the board of education has power to levy a tax to pay the bonds issued by the district as originally created.

2. Neither the charter of cities of the fifth class, which makes no provision for public education, nor the common-school law, repealed provisions relating to public schools which were embraced in the old charters of cities of the fifth class which were in force at the time the common-school law was enacted.

3. Where a statute has authorized a municipal corporation to issue bonds and exercise the power of local taxation to, pay them, the power of taxation thus given is a contract with the bondholders and can not be withdrawn until the contract is satisfied.

4. Acts empowering a local board of education to levy a tax to pay bonds issued for school purposes are not private statutes which must be specially pleaded, but are general laws of local application.

5. Under Kentucky Statute, section 4104, providing that taxes due from any railroad company to a city or taxing district may be recovered, by the officer authorized to receive the same, by action in the name of the Commonwealth, an action against a

railroad company to recover taxes due a school district was properly brought in the name of the Commonwealth and of the local board of education, which was created a corporation, and the members of which were the trustees of the school district.

GEORGE W. JOLLY, FOR APPELLANT.

G. D. CHAMBERS & C. C. McADAMS, OF COUNSEL.

The petition as amended alleges:

1. That, the board of education of Hawesville, is a corporation organized under the laws of this State; that it exercises all its powers in school district No. 1, embracing the city of Hawesville, in Hancock county; that it has power to levy and collect taxes in said district; to make contracts, sue and be sued; that trustees have been continuously elected, and acted as such board, since the year, 1873; that under and pursuant to law and a vote of the qualified voters of said district in favor of the levy of taxes for the erection of school buildings, payments of debts incurred therefor, and of maintaining schools in said district, said board has annually (except for the year 1897) levied an *ad valorem* tax on all the property, real and personal, in said district, No. 1, for the purposes aforesaid; and that for each of the years 1894, 1895, 1896, and 1898, there was levied by said board an *ad valorem* tax on the real and personal property in said district, at the rate of $1.00 on each $100, of the value thereof.

That said board, in June, 1898, made a levy of taxes for said year 1898, of forty cents on each $100, of the taxable property in said district, for the purpose of paying bonds and interest thereon; and sixty cents on each $100, of taxable property in said district, for the purpose of paying teachers and contingent expenses of conducting said schools.

That, there were outstanding bonds owing by said district, amounting to $4,100, and indebtedness for teaching schools and expenses in the further sum of $1,300.

2. That, the defendant, L. H. & St. L. Ry. Co., is a corporation, etc., operating a railroad in this State, and that 242-100 miles of said railroad is located in said school district, and was so situated during said years.

3. That, the board of railroad commissioners of the State valued that portion of defendant's road, in said district, at a named sum for each of said years, and for the year, 1898, at $9,500 per mile, and same was duly certified.

4. That, the taxes due from the defendant to the plaintiff amounted to $229.90, for the year 1898, no part of which had been paid.

934            KENTUCKY REPORTS.            [Vol. 110

Board Ed., of Hawesville, &c. v. Louisville, H. & St. L. Ry. Co.

5. That the State auditor gave notice to the defendant of said assessments, each year, before October 1st, and that payment thereof had been demanded.

6. Prayer for judgment, with penalty and interest.

    The plaintiff dismissed all of the petition without prejudice, except for the taxes for the year, 1898, amounting to $229.90. To this petition a demurrer was filed and sustained and from this judgment this appeal is taken.

## AUTHORITIES CITED.

    Act March 6, 1878, (Acts 1878, vol. 1357), Acts of April 2, 1878, (Acts 1878, vol. 2 ,264); Act February 27, 1880; (Acts 1879, vol. 1, 260); Act April 7, 1882; (Acts 1881, vol. 2, pp. 182, 201); Ky. Statutes, sec. 4433; Van Hoffman v. City of Quincy, 4 Wallace, 535; Edwards v. Kersey, 96 U. S., 595; Covington v. Vos Kotter, 80 Ky., 220; Civil Code, 119; Endlich on Int. of Stats., sec. 502; State v. Chambers, 93 N. C., 600; Bevins v. Baxter, 23 Ark., 387; Unity v. Burrage, 103 U. S., 447; Walnut v. Wade, 103 U. S., 683; Sutherland on Stat. Con., secs. 120, 193; Ky. Stats., secs. 4096, 4104; Dry Dock v. Portland, 12 B. Mon., 77; 11 Bush, 527; Cooley on Tax, 2 Ed., 15, 435; 21 Ky. Law Rep., 418.

HELM, BRUCE & HELM, for appellee.

    (No brief in the record.)

Opinion of the court by JUDGE BURNAM—Reversing.

    This suit was instituted by appellants, the board of education of Hawesville against appellee, the Louisville, Henderson & St. Louis Railway Company, for the recovery of taxes levied for the year 1898, by the board of education for the payment of bonds previously issued for the erection of school buildings and for the maintenance of a public school, in school district No. 1 of Hancock county, which is alleged to be co-extensive with the limits of the city of Hawesville. A general demurrer was sustained to the petition and amended petition, and the plaintiffs, having declined to plead further, prosecute this appeal from a judgment of the trial court dismissing their petition.

The petition as amended, alleges that the board of education of Hawesville is a corporation existing by virtue of divers acts of the General Assembly which authorized the laying out of school district No. 1 in Hancock county, and the submission to the voters thereof of a proposition for the issual and sale of $10,000 worth of bonds by the district, the proceeds of which were to be used in erecting a school building in the district, which at the time embraced all the town of Hawesville and some territory outside of the limits, and the maintenance of a public school therein; that, under and pursuant to these various acts, plaintiffs as the board of education of district No. 1, were organized, and the question of issuing the bonds authorized was submitted to the people and duly voted; that the bonds were issued and sold, and the school house built; that the duty was imposed upon them, as successors of the original board of education, to levy and collect a tax sufficient to afford money to pay and discharge the principal and interest of these bonds, and to maintain a graded public school in the town and district, and that, in the discharge of the duties so imposed upon them as the board of education for the district, they on the 17th of June, 1898, at a regular meeting then held in said district, all the members being present, made a levy of taxes for the year 1898 of 40 cents on the $100 of taxable property in the district for the purpose of paying off bonds and interest thereon, and also 60 cents on each $100 of taxable property in said district for the purpose of paying teachers and contingent expenses in conducting said school, and also a poll tax of $1 on each white male person over 21 years of age residing in the district (a copy of the orders making the levy of said taxes was filed with, and made a part of, the amended petition); that at the date of this

levy there were outstanding and unpaid bonds issued for the building of the school house in said district, and pursuant to the aforesaid acts of the Legislature, amounting to $4,100, together with one year's interest thereon, and that said district was indebted for expenses in having said school taught in the further sum of $1,300, and that the money paid to the said district by the State was insufficient to pay for teaching and conducting the school; that the board of railroad commissioners valued that portion of defendant's line of railroad then located within said school district for the year 1898, at the sum of $22,990; and that the amount of taxes due thereon under the levy made by the board of education was $229 for the year 1898. Appellee contends that the demurrer was properly sustained by the trial court, for the reason that the board of education of Hawesville is not clothed by any of the acts relied on with power to levy taxes, and that the petition further fails to show the particular objects for which they were levied, and the time and manner in which such alleged levy was made.

To ascertain and determine the powers and duties of the board of education of Hawesville with reference to the levy of the taxes complained of, we must examine the several acts of the Legislature under which they claim to exercise these powers.   On the 28th of March, 1873, an act of the General Assembly providing for the erection of school buildings in common school district No. 1 in Hancock county was approved.   See 2 Acts 1873, pp. 186-188. Section 1 of this act provided that the commissioner of common schools should lay off the boundaries of school district No. 1 so that the extreme boundaries thereof should not exceed one mile from the court house in the town of Hawesville.   Section 2: The board of trustees of the

town were authorized to issue the bonds of the town in any amount not exceeding $10,000 for the purchase of suitable grounds and erecting school buildings thereon. Section 3: The bonds to be of such denomination as the trustees may deem proper, not exceeding $1,000, and running not exceeding 15 years. Section 4. The fund thus created was to be kept separate and used for educational purposes alone, and the trustees were given power to sell bonds, or pay them for property, or to the contractors who might erect the buildings. Section 5. That the board of trustees should annually appoint an assessor to assess the property within the boundary of the district, and were authorized to levy a tax to any amount they may deem proper, not exceeding $1 upon each $100 worth of such property, and a levy of a per capita tax, not exceeding $2 for each male residing within said boundary, of 21 years of age. The assessment to be made in the same manner as provided by law for the assessment of property in the town, and the collection of the tax should be made in the same manner as then provided by law. The money thus raised should be applied exclusively to the payment of interest upon the bonds to be issued, and their redemption at maturity. Section 7: The board of trustees, together with the common school trustees of said district, should have supervision and direction of all matter pertaining to the passage of the act, and were expressly authorized to appoint such agents as they may from time to time deem necessary to carry out its provisions. Section 13 provides that there should be three trustees elected on the part of the common school, who should act in conjunction with the town trustees in so far as said school was concerned, Section 15 provided that the election for school trustees for the district should take place at the same

time and place as the election of trustees for the town, and that after the organization of said board they should elect one of their number president, one clerk, and one treasurer who should give bond for the faithful performance of their duty, and that it should be the duty of the person appointed to make the assessment of property subject to taxes, to take the census of all white children of pupil ages in the district, and return the list to the board of trustees; that such assessment should be made during the month of April in each year    Section 17 provides that the trustees are to submit the question of taxation to the qualified voters therein at the first regular election, and, if the majority of the votes cast are in favor of said tax, then the trustees may proceed to levy same.    Several amendments were passed to this act, which it is not important for us to consider in this case.    On February 27, 1880, an act was approved (see 1 Acts 1879, p. 260), which authorized the board of education of the town of Hawesville and school district No. 1 to issue and sell bonds not exceeding $7,000, and that the fund arising therefrom should be used and applied exclusively to the redemption of the bonds of the town outstanding and issued by authority of an act to provide for the erection of school buildings in the town of Hawesville and in district No. 1 of Hancock county, approved March 28, 1873.    On the 7th day of April, 1882, the General Assembly passed an act incorporating the city of Hawesville.    See 2 Acts 1881, p. 182.    By this act it was provided (section 1) that the limits of Hawesville be extended so as to include the territory then embraced in common school district No. 1 in Hancock county, as defined in an act entitled "An act to provide for the erection of common school buildings in common school district number one in the town of Hawes-

ville, approved March 28, 1873; that the city should be invested with all rights and property theretofore conferred on the town, or the trustees thereof, and was substituted in every respect for the town of Hawesville, and bound for all contracts and liable for all debts and demands against the town to the same extent and in the same manner as the town was liable.    Section 3: That the city is divided into three wards.    Section 6 required the election of two school trustees from each ward of the city, who shall constitute and be styled the "Board of Education of Hawesville," and that said board shall have the powers and authority conferred by law on the board of education of the town of Hawesville and common school district No. 1, and was substituted in all respects for such board, and should be liable for all obligations, contracts, debts, and demands against said district and town in the same manner and to the same extent which the board of education of said town and district were liable, including all bonds issued by said board for erecting school buildings, and annual interest thereon.    By this act the board of education of Hawesville were separated from the trustees of the city, and all powers theretofore conferred upon the trustees of the town and the common school trustees were vested in the new board, and all debts which were created by the building act, and all liabilities growing out of the management of the schools, including the unpaid bonds, were imposed upon the new board of education.

By these various acts of the Legislature a corporation was created upon whom power was conferred to borrow money, not exceeding $10,000, and to issue bonds therefor to be used in the erection of suitable school buildings in district No. 1 of Hancock county, and to carry on a graded

school therein. By the original act the trustees of the corporation consisted of the board of trustees of the town of Hawesville and the three common school trustees in the district. After the maturity of the bonds provided for in the original act, authority was given these trustees to sell new bonds for the purpose of paying off the old ones; and in 1883, the Legislature separated the board of education of common school district No. 1 and the trustees of the town of Hawesville, made the limits of the town co-extensive with the boundary lines of the district, and provided for the election of a board of education, who were clothed with all the powers and duties conferred and imposed by the original act of 1872 upon the town trustees and the common school trustees; and these powers were not impaired or affected by the adoption of the new Constitution or the general charter provided by the Legislature for cities of the fifth class. The charter of cities of the fifth class makes no provision for public education or for the establishment of schools therein, and this matter is controlled either by the provisions of the common school law, or by the old charters under which towns were governed at the time of the passage of the common school law. See sections 4433, 4488, Ky. St. It is clear under these sections of the statute, that the powers and duties imposed upon appellants by the charter of 1880 have not been altered, abridged, or amended in any way, and that they are still charged with the duties and clothed with the powers therein imposed upon them. This question was considered by this court in the case of Roberts v. Clay City, 19 Ky. L. R. 1094 (42 S. W., 909); and we are therefore of the opinion that appellants were fully authorized to levy the tax sued for, as it appears that $4,100 of the principal of bonded debt authorized by the original act of 1873 is still unpaid, and the aid furnished by the State was

insufficient to meet the requirement of the school.    It is elementary that a law in force at the time a contract is made enters into the contract, and becomes a part of it. "Where a statute has authorized a municipal corporation to issue bonds, and exercise the power of local taxation in order to pay them, a person having bought and paid full value for bonds issued accordingly, the power of taxation thus given is a contract, within the meaning of the Constitution, and can not be withdrawn until the contract is satisfied.    The State and the corporation in such case are equally bound."    See Von Hoffman, v. City of Quincy, 4 Wall., 535  (18 L. Ed., 403).

The acts under which appellants claim to have the power are not private acts, which must be specially pleaded, by their title or otherwise.    They are what have been termed by this court "general laws of local application." See City of Covington v. Voskotter, 80 Ky., 220; End. Interp. St., 532.    And section 4104 of the Kentucky Statutes provides that the tax, penalties and interest due the Commonwealth from any railroad company may be recovered by the auditor of public accounts by action in the name of the Commonwealth in the Franklin Circuit Court, and those due counties, cities, and incorporated towns or taxing districts may be recovered by the officer authorized to receive the same by action in the name of the Commonwealth in any court of competent jurisdiction.    This suit is brought in the name of the Commonwealth and the board of education of Hawesville,—the statutory name of the corporation,—and, we think, states a cause of action, and the circuit court erred in sustaining the demurrer to the petition as amended; and the judgment is reversed, and the cause remanded, with directions to overrule the demurrer, and for other proceedings consistent with this opinion.