CASE 108—ACTION BY TRUSTEES COLORED COMMON SCHOOL DISTRICT A., &c., AGAINST HICKMAN COLLEGE TO RECOVER TAXES ALLEGED TO HAVE BEEN COLLECTED BY DEFENDANT—NOV. 15.

# Hickman College v. Trustees Colored Common School District A., &c.

### APPEAL FROM FULTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

RAILROAD TAXATION—APPORTIONMENT BETWEEN WHITE AND COLORED SCHOOLS—REPEAL OF STATUTE.

Held: 1. A railroad tax, when levied and collected by a white school district, must be divided with the colored school district embracing the same territory in proportion to the number of colored children within the school age in the territory, as compared with the whole number of children therein.

2. Special acts concerning school districts in towns and cities were repealed by the general law relating to common schools, to the extent that they are inconsistent with the general law.

R. T. TYLER AND W. S. PRYOR, FOR APPELLANT.

In the year 1890, the Legislature passed an act by which the legal white voters of common school district No. 16, should determine by a popular vote whether a graded free school should be organized within the district for white children exclusively, and also whether the property of the white citizen should be alone taxed to pay certain bonds issued for the benefit of Hickman college. The act was adopted by a popular vote and under its provisions the property of the railroad company has been taxed like the property of the white population within that district. The tax has been collected and paid over to

Vol. 111]     SEPTEMBER TERM, 1901.          945

Hickman College v. Trustees Colored Common School Dist. A., &c.

the college for several years.    See vol. 2, Acts 1888 and 1889, p. 1175.    It is now contended that the tax collected, by reason of this special enactment, from the railroad company on its property within said district should be apportioned among the white and colored children living within the district, and this view of the case was adopted by the court below.

We claim that this special statute has never been repealed and the college organized under it has continued to claim the benefits intended to be conferred by the act since its adoption, and that the college was never organized under the general school law.

The railroad company is not complaining, nor has the colored people organized a graded school within the district.

Under said act a tax of seventy cents on every $100 of property belonging to any white person, company or corporation within the district, is collected annually.

It seems, therefore, that this seventy cents tax was intended to be appropriated exclusively to Hickman college, and the sheriff should pay it over to the trustee of said college.

ROBERTSON & THOMAS, FOR APPELLEES.

No question of fact is raised in this case.

The contention of appellant is that the act incorporating Hickman college, being a special act, and the college never having become a graded school under the general law, and the act never having been repealed, the tax collected from the railroad company was properly paid to Hickman college.

We claim that under sec. 171, of the present Constitution of Kentucky, "Taxes shall be levied and collected for public purposes only, and all taxes shall be collected by *general laws*." We contend further that the special act, incorporating Hickman college, is not in conflict with sec. 4101, Kentucky Statutes. The tax under said act was to be levied upon and collected on the property of *white* citizens.    The property of the railroad company is not, in law, considered the property of either the white or colored citizen, and hence is not embraced or affected by the special law.

### AUTHORITIES CITED.

Constitution of Ky., secs. 59 and 171; Kentucky Statutes, 4101; Trustees, &c., v. City of Vanceburg, 20 Ky. Law Rep,. 369; Harrodsburg, Ed., Dist., &c., v. Trustee Col. School Dis. No. 1, &c., 20 Ky. Law Rep., 1487.    Mayor Eminence v. Wilson, 20 Ky. Law Rep., 29.

Hickman College v. Trustees Colored Common School Dist. A., &c.

Opinion of the court by JUDGE O'REAR—Affirming.

The town of Hickman, Fulton county, constitutes common school district No. 16 (white) of that county. From the allegations of the petition in this case we infer that colored common school district A, embraces the same territory. Prior to the adoption of the present Constitution the Legislature, by special acts, created the common school district No. 16 into a graded school, under the name of "Hickman College," and authorized it to levy and collect a specific *ad valorem* tax on all the property of white persons and corporations in that territory, for the use of appellant. It is alleged, and not denied, that there was levied against the property of the Nashville, Chattanooga & St. Louis Railroad Company (corporation) in that district, and collected, for the years 1891 to 1897, inclusive, the sum of $1,535.38, all of which was collected by and turned over to appellant, and that for the year 1898 a tax from the same corporation amounting to $194.81 was collected by the county superintendent, which he refused to apportion between the two districts, but was proposing to pay over to appellant. It was alleged that the colored children within the school age, resident of the district, were thirty-seven per cent. of the total number of children within the school age resident in that territory for the years 1891 to 1894, inclusive, and forty per cent. for the remaining years. Appellees sued appellant to recover $583.93, their proportion of the railroad tax collected as above stated, and to require the county superintendent to pay to them (appellees) forty per cent. of the taxes assessed and collected for the year 1898. The circuit court allowed appellees' claims, holding that appellant did not take the exclusive right to such taxes under the special

acts referred to.   The town of Hickman is a city of the
fifth class.

In Mayor, etc., v. Wilson, 20 Ky. Law Rep., 29  (45. S. W.,
82), this court held:   "Charters of cities of the fifth class
make no provision for public education or the establish-
ment of schools therein, and it follows that matters con-
nected with this subject are controlled either by provisions
of the common school law, or by old charters under
which they were governed at the time of the passage of
the common school law.   Section 4433, Kentucky Statutes;
Roberts v. Clay City, 19 Ky. Law Rep., 1047  (42 S. W.,
909). . . . The fact that the Legislature has delegated
to cities of the first, second, third, and fourth classes pow-
er to provide for public education therein, and has failed
to confer this power upon cities of the fifth and sixth
classes, plainly indicates that it was the intention that
these municipalities should be controlled by the provisions
of the common school law on this subject."   This case
was followed and approved in trustees of Common School
District No. 8 v. City of Vanceburg, 20 Ky. Law Rep., 369
(46 S. W., 1).   In Harrodsburg Educational District. No.
28 v. Trustees Colored School District. No. 1, 20 Ky. Law
Rep., 1487  (49 S. W., 538), this court had before it the
identical question presented here; that is, as to the ap-
portionment between the colored and white districts of the
railroad tax levied by the white school district.   We there
held that such tax, when so levied and collected, must be
divided between the two districts, white and colored, in
proportion to the number of children within the school age
of each to the whole number.    In so holding we followed
the express provision of section 4101, Kentucky Statutes,
—the only authority for levying and collecting such a tax.
In the case of Roberts v. Clay City, supra, construing

948          KENTUCKY REPORTS.          [Vol. 111

Hickman College v. Trustees Colored Common School Dist. A., &c.

section 4433, Kentucky Statutes, we held that spe-
cial acts concerning school districts in towns and
cities of the fifth class were not repealed by the
general law relating to common schools. But this must
necessarily be understood as relating to such subjects as
were not put in conflict by the general law, as opposed to
the special act in question. Otherwise section 4433 would
be in conflict with section 59, subsection 25, of the State
Constitution, which prohibits the General Assembly from
passing any local or special act "to provide for the manage-
ment of common schools." For, although a private or
special act relating to common school districts may re-
main in force till it is repealed, if the General Assembly
should attempt to exempt it or its subject-matter from the
operation of a general law in conflict with a special one,
that would be, in effect, to provide by special act for the
management of the common school in question. And on
the subject of taxation for school purposes the rule herein
announced should apply, for the additional reason that
section 171 of the Constitution provides: ". . . Taxes
shall be levied and collected for public purposes only.
They shall be uniform upon all property subject to taxation
within the territorial limits of the authority levying the
tax; and all taxes shall be levied and collected by general
laws." Now, if we were to hold that the Legislature
could, in spite of the plain mandate of the Constitution,
authorize an unequal taxation upon property in a ter-
ritorial limit, and direct or permit its collection by virtue
and under authority of special laws, which it attempted by
general enactment to continue in force, we would be
wholly disregarding both the letter and spirit of the con-
stitutional requirements quoted. The courts will not give
such construction to an act of Legislature that will make

it violative of the Constitution, when its language is susceptible of another. It is therefore that we conclude that the Legislature did not mean by section 4433 to continue in force such parts of special acts relating to common schools as would be in plain conflict with the general law then adopted covering the same subject. In Board of Education of Somerset v. Trustees Colored School District No. 1, 18 Ky. Law Rep., 103, (35 S. W., 549), and Harrodsburg Educational District, No. 28 v. Trustees Colored School District No. 1 105 Ky., 675 (20 Ky. Law Rep.), 1487, (49 S. W., 538), the result at which we arrive in this opinion is apparently reached by the court. The recent cases of Board of Education, 110 Ky., 932 (23 Ky. Law Rep., 376), (62 S. W., 1125), and Chambers v. Adair, 110 Ky., 942 (23. R., 373) (62 S. W., 1129), indicate the class of instances in which the doctrine announced in Roberts v. Clay City, supra, are applicable, and in harmony with the construction here given as to the relation of such special acts to the Constitution.

At first glance it might appear that the answer in some minor particulars had tendered an issue of fact as to the per cent. of colored children in the district, compared to the whole number. We can not see, though, that an issue of fact was intended to be or was tendered by this pleading; and, as it is not discussed in the argument of appellant's brief, we treat the important legal question involved as the sole ground of complaint here.

Judgment affirmed.