## Board of Trustees Pembroke Graded School, et al. v. West, et al.

(Decided March 17, 1915.)

Appeal from Christian Circuit Court.

1. Schools and School Districts—School Tax Collected of Railroad or Bridge Company—How Held and Applied.—All taxes against any railroad or bridge company, levied and collected in any common school district, must be paid to the superintendent of common schools of the county for the benefit of the common schools of such district.

2. Schools and School Districts—Graded Common Schools—Tax to be Apportioned Between White and Colored Graded Schools Therein.—Where there are both a white graded common school and a colored graded common school covering the same territory in the same common school district, all taxes collected of a railroad or bridge company for common school purposes in such district, must be apportioned by the county superintendent of common schools between the white and colored graded common schools in such district, "in the same ratio that the whole number of white children of pupil age and the whole number of colored children of pupil age residing in the district, shall bear to the whole number of children, white and colored, residing in the district wherein such tax shall be collected."

S. PETTUS WHITE and FOWLER & WHITE for appellants.

JAMES BREATHITT, JR., for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought in the Christian Circuit Court by the appellants, as trustees of the Pembroke colored graded school, against the appellees, Nancy Jane West, county superintendent of common schools of Christian County, the surety in her official bond and the trustees of the Pembroke white graded common school, to recover $378.24, alleged to be due the Pembroke colored graded common school as its pro rata of certain school taxes collected of the Louisville & Nashville Railroad Company, under Sections 4099, 4100, 4101, Kentucky Statutes, and received by the county superintendent, which she, as further alleged, illegally refused to pay appellants as trustees of the Pembroke colored graded common school. The Pembroke colored graded common school district and the Pembroke white graded common school district cover the same territory and are included

in the same boundary, and the Louisville & Nashville Railroad Company owns a line of railroad running through the district.

Appellees filed a general demurrer to the petition, which the circuit court sustained. Appellants refusing to plead further, the petition was dismissed at their cost; and from the judgment manifesting these rulings the latter have appealed.

There seems to be no controversy as to the correctness of the amount sued for, if appellants are entitled to any part of the tax in question; but it is the contention of appellees, and such was the ruling of the circuit court, that the colored graded common school is entitled to no part of the tax, and this is the single question presented for the decision of this court. Its solution depends upon the construction that should be given Section 4101, Kentucky Statutes, which provides:

"The provisions of this law shall not be construed to apply to any colored school district: *Provided,* That the same rate of taxation assessed against the real estate of any railroad or bridge company or corporation in any graded school district or common school district, in any year, shall be assessed against all of the taxable property in such district, and the railroad or bridge tax, when collected, shall be paid over to the county superintendent of the county in which the district school house wherein the tax assessed shall be situated, and shall constitute and be held by the county superintendent as a graded or common district school fund; and the said fund shall be apportioned and distributed by the county superintendent between the white graded common school or white common school district wherein said tax shall be collected and any colored common school district which shall be located over the same boundary; the distribution shall be in the same ratio that the whole number of white children of pupil age and the whole number of colored children of pupil age residing in the district shall bear to the whole number of children, white and colored, residing in the district wherein such tax shall be collected."

The tax here involved is the tangible property and franchise tax collected from the railroad for the year 1912, and it is conceded that the colored graded common school, if entitled to share in the tax at all, should receive its pro rata of the franchise as well as the tangible

property tax, for Section 4100, Kentucky Statutes, provides:

"*All taxes* against any railroad or bridge company, which shall be levied in any common school district, shall be paid to the superintendent of common schools of the county for the benefit of the district entitled thereto." Southern R. R. Co. v. Coulter, 113 Ky., 657.

It is also conceded that the Pembroke colored graded common school was established in 1911, and that previously, while simply a colored common school, it received without question its pro rata of the railroad franchise and tangible property tax collected from the railroad company in the common school district; but that immediately upon its becoming a graded school the appellees refused to allow it its pro rata of these taxes. We have repeatedly held that a colored common school, ungraded, is entitled under the provisions of Section 4101, to its pro rata share of the railroad school tax, to be determined, as further provided in that section, by the number of colored pupils in that district as compared to the number of white pupils therein. Board of Education, etc. v. Trustees Common School, etc., 18 R., 103; Harrodsburg Ed. Dis., etc. v. Trustees, 105 Ky., 675; Hickman College v. Trustees, 111 Ky., 344; Board of Trustees, etc. v. Morris, 24 R., 1420.

But it is the contention of the appellees that, though a colored common school, ungraded, is entitled to share in the railroad tax, a colored common school, graded, is not entitled to do so. This distinction, it is insisted, is made by Section 4101, Kentucky Statutes, which declares: "The said fund shall be apportioned and distributed by the county superintendent between the white graded common school or white common school district wherein said tax shall be collected, and any colored common school district which shall be located over the same boundary," it being argued that the words "any colored common school district," as thus used, do not cover or apply to a colored common school after it has been made a graded school. Manifestly, a colored common school is no less a common school after it has been graded than when it was ungraded, and this being so, the words "colored common school district," as used in Section 4101, was intended and should be construed to mean and include a colored common school in the district, whether graded or ungraded.

It is well known that colored graded schools did not exist when Sections 4093, 4100, and 4101, Kentucky Statutes, were made parts of the act of March 15, 1906, though these sections were in force prior to 1906, and were originally enacted at a time when only white common schools were graded. This is why the phrase "colored graded school" is not found in these sections, but we think it clear that the words "graded school district" and "common school district" were intended to be and are used in all of these sections as synonymous or interchangeable terms, and where the words common school district are used it applies to common schools, graded or ungraded, white or colored. In Jeffries v. Trustees, 135 Ky., 495, it was held that a graded school is a common school in the meaning of the words common school, as defined in Section 4364, Kentucky Statutes.

The question here involved was very recently decided in Thornton, etc. v. White, etc., 162 Ky., 796. In that case the colored graded common school of the city of Lebanon had been refused its pro rata of a school tax collected on the property of the Louisville & Nashville R. R. Co. within the common school district. The white and colored graded common schools covered the same territory and were within the same boundary. The action was brought by the trustees of the colored graded school to recover its pro rata of the tax, and we held, as did the circuit court, that the colored graded common school was entitled to same. The opinion in that case must be regarded as conclusive of the question raised in the instant case. It, therefore, follows that the ruling of the lower court in sustaining the demurrer to the petition and dismissing the action was error; wherefore, the judgment is reversed and cause remanded, with directions to overrule the demurrer that the case may further proceed in conformity to this opinion.