## County Board of Education Hopkins County, et al. v. Board Trustees Earlington Graded School, et al.

(Decided September 21, 1916.)

### Appeal from Hopkins Circuit Court.

1. Schools and School Districts—Railroad Tax—Distribution of Between White and Colored Schools.—When a railroad tax is levied by the trustees of a white school, the tax, when collected, must be apportioned between the white school and the colored common or graded school, if any, occupying the same territory as the white school, in proportion to the number of white and colored school children in the district.

2. Schools and School Districts—Railroad Tax—Collection and Distribution of for Colored School.—When a railroad tax is levied under section 4101 of the statutes by the trustees of a white school district, it must be collected by the county superintendent of schools and that part thereof to which a colored common school situated in the white district levying the tax is entitled should be paid by the superintendent to the Board of Education of the county for the use and benefit of the colored common school.

H. F. S. BAILEY for appellants.

V. Y. MOORE, MAURICE K. GORDON and GORDON & GORDON & COX for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

The boundary lines of the Earlington white graded common school district and the boundary lines of the Earlington colored common school district, which include the fifth class city of Earlington, are identical. In 1913 and 1914 there was levied by the trustees of the white school in the territory occupied by these two schools a tax of fifty cents on the tangible property and franchise of the Louisville and Nashville railroad which runs through the district. This tax, which amounted to several hundred dollars in each of these years, was divided be-

tween the white graded school and the colored common school in proportion to the number of white and colored children of school age in the district.

In 1915 this suit was brought by the county board of education of Hopkins county against the board of trustees of the white graded school for the purpose of recovering from these trustees that proportion of the railroad tax to which under a pro rata distribution the colored common school was entitled.

The trustees of the white graded school in their answer admitted, in substance, the levy by them of the railroad tax upon the railroad property in the district and the collection and distribution of the same between the white graded school and the colored common school in proportion to the number of white and colored children, but denied that the board of education of the county was entitled to any part of the fund.

Three colored persons, who had been for several years acting as trustees of the colored common school, also filed an intervening petition setting up the claim of the colored common school to that part of the railroad tax that had been collected by the trustees of the white graded school and paid over for the use and benefit of the colored common school.

After overruling the demurrer to the intervening petition and disposing of other preliminary motions, the lower court adjudged that the county superintendent of schools should recover from the board of trustees of the white graded school for the use and benefit of the colored common school that part of the railroad tax to which the colored common school would be entitled if the whole tax was distributed between the two schools in proportion to the number of white and colored children in the district.

Of this judgment the board of education complains, insisting that it and not the colored common school should have been adjudged that part of the railroad tax directed by the judgment to be paid to the trustees of the colored common school for the use and benefit of that school.

It is the contention of the board of education of the county that it is entitled to have for distribution for educational purposes throughout the county that part of the railroad tax in this district to which the colored school would be entitled, if it shared in the distribution of the tax, while the trustees of the colored school insist that they are entitled to have, for the use of the colored school

in this district, that part of the tax that under a pro rata distribution would go to the colored school.

It has been determined by this court in Harrodsburg Educational District v. Trustees of Colored School District, 105 Ky. 675, and other cases, that the right to levy a railroad tax for school purposes is exclusively in the trustees of the white school district. It is provided in section 4101 of the Kentucky Statutes that the railroad tax when collected "shall be paid over to the county superintendent of the county in which the district school house wherein the tax assessed shall be situated; * * * and the said fund shall be apportioned and distributed by the county superintendent between the white graded common school or white common school district wherein said tax shall be collected and any colored common school district which shall be located over the same boundary; the distribution shall be in the same ratio that the whole number of white children of pupil age and the whole number of colored children of pupil age residing in the district shall bear to the whole number of children, white and colored, residing in the district wherein such tax shall be collected."

It was also held in Com. v. Ferguson, reported only in 128 S. W. 95, that section 4101 was not affected or repealed by the act of 1908, now section 4426a of the Kentucky Statutes; and further held in that case that when a railroad tax was levied by the trustees of a white graded or common school, the tax so levied and collected should be apportioned between the white school and the colored common or graded school having the same boundary lines as the white school.

In respect to the levy and collection of this railroad tax and the distribution of the same between white and colored school, it is immaterial whether the tax be levied by the authorities having control of a white graded school district or a white common school district, and also immaterial whether the colored school district having the same boundaries as the white school district is a colored common school or a colored graded school: Board of Trustees Pembroke Graded School v. West, 163 Ky. 568.

It therefore seems clear that under section 4101 of the statutes and the cases cited the colored school in this Earlington district is entitled to its share of the railroad tax levied by the white graded school in the district, the tax to be distributed in the manner provided in section 4101.

It will be observed that section 4100, as well as section 4101, provide that a railroad tax when levied by the authorities of a white school shall be paid to the superintendent of the common schools of the county, who shall apportion and distribute the same between the white school and the colored school occupying the same territory. We therefore find no error in so much of the judgment as recognizes the right of the county superintendent of schools of Hopkins county to collect the railroad tax and hold the same for distribution between the white graded school and the colored common school in the manner pointed out in the statute.

The judgment, however, further provided that the county superintendent should pay so much of the fund as the colored school was entitled to receive to Todd, Kavanaugh and Edmonson, who, it appears, have been acting as trustees of the colored school. It seems that these persons have been holding over as trustees by virtue of their election previous to the enactment of 1908. Before the enactment of 1908, now section 4426a of the Kentucky Statutes, colored common schools were in charge of three trustees, but the act of 1908 abolished the trustee system as theretofore existing, and since the enactment of 1908 colored common schools, as well as white common schools, have been under the control and supervision of the board of education of the county: Prowse v. Board of Education Christian Co., 134 Ky. 365; Grady v. Larue County Board of Education, 149 Ky. 49.

We therefore think that when there comes into the hands of the county superintendent of common schools a fund derived from a railroad tax levied for the benefit of a school district, the county superintendent should pay over to the board of education of the county that part of the tax to which the colored common school may be entitled, and the board of education should then hold and expend the same for the use and benefit of the colored common school. It follows from this that although the colored common school in the Earlington district is entitled to its share of the railroad tax as directed in section 4101 of the statutes, the tax should, when received by the county superintendent, be paid to the board of education of the county for the use and benefit of the Earlington colored school and not to the persons who have been assuming to act as trustees.

The cost in the lower court was directed by the judgment to be paid one-half out of that part of the tax going

to the white graded school and one-half out of that part going to the colored common school, and the cost in this court will be paid out of this fund in the same manner.

Wherefore, the judgment is reversed with directions to enter a judgment in conformity with this opinion.