REPLEVIN.     Ferguson, Thomas, and Anderson *vs* J. S. and S. L. Williams.

ERROR TO THE MONTGOMERY CIRCUIT.

Case 82.          *Sheriff.   Replevin.   Restitution.   Damages.*

April 18.    CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.
IN 1841, two executions were sued out, one in favor of Thomas, and the other in favor of Anderson, against Clarke, which were levied by Ferguson, the high Sheriff of Montgomery County, on three slaves and some horses, as the property of Clarke. John S. Williams made affidavit and executed bond with Samuel L. Williams as his surety, as required by the statute of 1840, (3 *Stat Law*

*of Ky.* 502,) and sued out a writ of replevin for the slaves, by which they were restored to his possession.

After the sale of the horses, the executions were returned, showing the levy and the stay.

The defendants avowed the taking under the executions, and that the slaves were the property of Clarke, and subject to the executions, upon which issue was taken, and found for the defendants, and judgment rendered for restitution of the slaves.

In fifteen days after the judgment, suit was instituted on the replevin bond, and the facts and law submitted to the Court, and a judgment rendered for the plaintiffs for the penalty of the bond, to be discharged by the payment of $140, in damages.

Those damages were made up by an allowance of $100 for the depreciation of the slaves, $25 as an attorney's fee in the action of replevin, and $15 the Sheriff's half commission on the value of the slaves. From this judgment the plaintiffs have brought the case to this Court for revision.

It appeared that no process was taken out on the judgment or on the levy; that a few days after the judgment, the surety in the replevin bond asked Crawford, a deputy Sheriff, if process had been taken out, and informed him where the slaves were, and that they were at any time ready to be delivered; and the slaves were in fact in the County, and in the neighborhood of the parties, where they had always remained from the time of the levy; that in a few days after the suit was commenced, the surety tendered the slaves to Ferguson, the Sheriff, at his house; that he acknowledged the tender, but stated that he had no process in his hands, and could not receive them; that the slaves were afterwards levied on by Crawford, the deputy of Ferguson, being found at his house, and sold in satisfaction of three other executions which had been placed in his hands. Anderson forbid the sale, stating publicly, on the day of sale, that if he did not recover his debt in the suit which had been brought on the replevin bond, that he would claim the slaves by virtue of the levy under his execution. The proof tending to show that the slaves had fallen in value $100, since the levy,

FERGUSON *et al.*
*vs*
WILLIAMS &c.

Property levied on by a sheriff, by virtue of a writ of *fi. fa.* taken out of the hands of the sheriff by writ of replevin, is not thereby released from the levy—but upon a judgment, *de retorno,* being rendered, it is the duty of the sheriff to receive and sell the property in satisfaction of the execution, in virtue of the first levy, and no new authority is necessary, even tho' he be out of office.

In such case the property is not liable to any other levy of a junior execution, to the prejudice of the sr. first levied, but is subordinate to it.

—And the office of sheriff is one, and the principal sheriff and deputies are bound to know and regard the date of the receipt of executions in the hands of each other.

and that $25 was a reasonable fee for the attorney who defended the replevin. Upon these facts, proven in the Court below, the judgment was rendered. And it is contended here that the Court erred: 1st, in refusing to allow the full value of the the slaves; 2d, in not allowing enough for half commissions.

We think the judgment ought not to be reversed on either ground.

The replevin is not an abrogation of the levy. It remains in full force, notwithstanding the slaves are taken out of the possession of the Sheriff and restored to the possession of the claimant. If it were annulled by suing out the writ, then would the Sheriff have no right to claim or obtain judgment of restitution upon his avowry, for his right of restitution is predicated on his right to make sale of the property levied on in satisfaction of the executions. If the levy is annulled he would have no right to sell, and would therefore have no right to restitution.

The levy being in full force, upon the rendition of the judgment of restitution, the Sheriff had the unquestionable right, and it was his duty to receive the slaves, when they were tendered to him, and to make sale thereof in satisfaction of the executions, though no *venditioni exponas* was in his hands. This writ is intended only to compel the Sheriff to do his duty by making sale of property levied on, which he may do without it, even after the termination of his office. And if any other execution could be subsequently levied upon the same property, it could be levied only subordinately to the prior levy, and if sold under such junior levy, by the Sheriff or any of his deputies, the proceeds of the sale should be applied first in discharge of the prior levy.

Had the slaves been taken by Ferguson, the high Sheriff, under junior executions and sold, he unquestionably would have been bound to regard the prior levy, and apply the proceeds first towards the satisfaction of the executions under which it was made. Though the second levy was made by his deputy, it can make no difference. There is but one office of Sheriff in each county, and each deputy is required to know and regard the priority of executions, as well as the priority of levies, though

·they may be in the hands of, or made by the principal or any other deputy: *Million* vs *Commonwealth*, (1 *B. Monroe*, 311–12.)

Though suit may be instituted on the replevin bond, in reasonable time after the recovery of judgment, for the value of the property taken in the replevin, and if not delivered or the possession obtained before the trial, the whole value might be recovered, yet if delivered or the possession shall be obtained at any time before the trial, without injury to the property, or injury by reason of the delay, nominal damages only and costs can be recovered for the breach in failing to deliver. The object of the suit in this respect is attained by the delivery of the property, or the obtention of its possession otherwise, and to the extent of its value the demand is satisfied.

Though the amount allowed by the Court, as half commissions to the Sheriff, on the $1000, the value of the slaves, may be a few dollars under the amount that should have been given, calculating two and a half per cent. upon the first hundred pounds upon *each* execution, yet as a liberal amount was allowed for the depreciation of the property, and for an attorney's fee, and the whole, including the commission, assessed in an aggregate sum in damages, which we think was sufficient to cover the whole injury sustained, we do not feel warranted in reversing for so small a deficiency in one of the *items* of the assessment.

Judgment affirmed with costs.

*Apperson* for plaintiffs: *Hanson* for defendants.