CASE 5—INQUEST—JUNE 29.

## Robinson vs. Robinson, &c.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. An inquest under section 8 of Revised Statutes (2 *vol.*, p 287) held not responsive to the writ, and therefore insufficient, because it merely ascertained the aggregate amount of damages, without showing the grounds on which the estimate was based. (3 *B. Mon.*, 302.)

2. Incidental benefits resulting from the establishment of a road or passway, cannot be set off against the damages for the land taken, and the additional fencing.

S. Turner, for appellant, cited 2 *Rev. Stat.*, 287 ; 2 *J. J. M.*, 352 ; 5 *Dana*, 28 ; 7 *Dana*, 81 ; 17 *B. Mon.*, 178 ; 3 *B. M.*, 302.

R. D. Lusk and A. J. James, on same side, cited 3 *B. M.*, 302 ; 4 *B. M.*, 59.

G. W. Dunlap for appellee.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

The eighth section of the statute regulating proceedings for the establishment of roads and passways (2 *Rev. Stat.*, *p.* 287), provides that "the jury, after being sworn by the officer, shall view the lands of the proprietors and tenants so named, and ascertain what will be a just compensation to each for the land proposed to be taken, and the additional fencing which will be thereby rendered necessary, and the damage to the residue of the tract beyond the peculiar benefits which will be derived to such residue from the road."

In none of these particulars was the inquest in the present case sufficiently responsive to the writ. The jury merely ascertained, and stated in their verdict, the aggregate amount of damages which each of the proprietors of the land will sustain by the establishment of the passway, without showing the grounds, or either of them, on which their estimate was based. This failure is, we think, fatal to the inquest. In the case of *Rout, &c., vs. Mountjoy* (3 *B. Mon.*, 302), this court held that the inquest was fatally defective because it did not respond to the several matters required to be given in charge. It did not state how much, if any additional fencing, would be required. The statute under which that case arose is not materially different, so far as it relates to the point under consideration, from the section of the Revised Statutes just referred to.

Various other objections to the proceedings have been urged in argument, but none of them are deemed available.

It is proper to add that the peculiar or incidental benefits which may result to the proprietors of the land from the establishment of the passway, cannot be set off against the amount of compensation to which they may be entitled, either for the use of the land taken, or for the additional fencing which will be rendered necessary. The "peculiar benefits" can only be set off against any damage which may result to "the residue of the tract" by reason of the establishment of the passway;

or, as the statute expresses it, the jury are to estimate "the damage to the residue of the tract *beyond* the peculiar benefits which will be derived to the residue from the road." As, therefore, the jury were not charged to ascertain the damage to the residue of the tract, the *appellant* was not prejudiced by their failure to make any estimate, or to allow anything on account of, "the peculiar benefits."

For the error mentioned the judgment is reversed, and the cause remanded, with directions to quash the inquest, and for further proceedings not inconsistent with this opinion.