CASE 43—PETITION EQUITY—MARCH 16.

## Mayor and Councilmen of City of Eminence v. Wilson, Etc.

### APPEAL FROM HENRY CIRCUIT COURT.

1. COMMON SCHOOLS—POWER OF CITY TO SUPPLEMENT STATE FUND.— There being no provision in the charter for cities of the fifth class for public education, or the establishment of schools therein, such a city being within and only a part of a common school district, has not the implied power to make provision for public education by an appropriation of the general funds of the city to the district school; power to supplement State aid to common school districts is given to such districts by the provisions of sec. 4457 of the Ky. Statutes.

D. A. SACHS FOR APPELLANTS.

1. Under the provisions of the charter for cities of the fifth class that the councilmen shall have the power "to do and perform any and all acts and things necessary and proper to carry out the provisions of this chapter," that chapter containing the charters for cities of the first, second, third and fourth classes, each of which provides for the education of their children, it was manifestly intended by the legislature that the city council of fifth class cities, they not being large enough to maintain a separate

Mayor and Councilmen of City of Eminence v. Wilson, etc.

school, should adopt the most available way of educating their poor children.

2. The charter of fifth- class cities provides that such cities may be taxed for local and municipal purposes, and the support of free schools is within the general grant of power to tax for municipal purposes. Cooley on Taxation (Ed. 1883), pages 84-5 and note; Cushing v. Newberryport, 10 Met., 508; Stewart v. Kalamazoo, 30 Mich., 69; Horton v. School Commission, 43 Ala., 598.

3. Under the provisions of the charter of fifth class cities all laws, ordinances, by-laws and resolutions, in force therein at the time of its adoption were expressly continued in force until altered or repealed; at the time of the adoption of that charter an ordinance was in force in Eminence, setting apart $100 of each liquor license to the public school fund and that ordinance is still in effect.

4. An allegation that there is an attempt to appropriate some portion of a fund to a purpose not authorized by law will not warrant an injunction. Cooley on Taxation, pages 536 and 540; Carter v. Williamson, 10 Ky. Law Rep., 591.

5. The education of its poor children is one of the implied powers of municipality, (Mayor v. Baker, 73 Ga., 686); and it will not be presumed that the legislature intended to introduce a fundamental change in long established principles of law. Black on Interpretation of Laws (edition 1896, page 110; Endlich on Interpretation of the Statutes, sections 127, 128 and 218 to 221, (edition 1888); Orphans Society v. Fayette County, 6 Bush, 413.

JOHN D. CARROLL of counsel on same side.

J. BARBOUR and W. B. MOODY for appellees.

1. The citizens and property owners of the city of Eminence were in each of- the years of '94, '95 and '96, taxed in aid of and for the use and benefit of the common school district of which the city is a part; the effect of the ordinance passed appropriating the money of the general fund of the city to that school district is to tax the citizens of the town doubly. City of Hawesville v. Board of Education of Hawesville, 99 Ky.

2. A municipal corporation possesses, and can exercise only the powers expressly granted to it and those necessarily or fairly implied as incidental to the powers expressly granted, and those

essential to the declared objects and purposes of the corporation. Dillon on Municipal Corporations, 4 ed., sec. 89; Henderson v. City of Covington, 14 Bush, 312; Patton v. Stevens, 14 Bush, 324.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the city of Eminence from a judgment rendered in a suit instituted by citizens and taxpayers of the city to enjoin the payment of money appropriated by the city council for the purpose of aiding and having a common school taught in Common School District No. 32 for a full year. The school district includes a large territory and a large number of children who do not reside within the corporate limits of the city of Eminence, and who derive equal benefit with the citizens of the city from the school taught in the district. The money appropriated is a part of the funds arising from licenses to retail liquor.

Charters of cities of the fifth class make no provision for public education or the establishment of schools therein, and it follows that matters connected with this subject are controlled either by the provisions of the common school law or by old charters under which they were governed at the time of the passage of the common school law (see section 4433 Ky. Stats., and Roberts v. Clay City, 19 Ky. Law Rep., 1047).

By section 4457 Ky. Stats., power is given to common school districts to supplement the State aid to common schools therein, by levying a special tax on the whole district.

By section 3646 Ky. Stats., which is a provision of

charters of cities of the fifth class, it is provided that all moneys received from licenses, etc., are to be paid into the general fund of the city, and in construing this provision this court has said that this section operates to repeal local acts requiring all or part of the license fees for the privilege of selling liquor in such city to be paid to the board of education thereof.    (See City of Hawesville v. Board of Education, 14 Ky. Law Rep., 408.)

Appellant contends that it is within the scope of the implied powers of a municipal corporation to make provisions for public education by an appropriation of the general funds of the city for that purpose, and that it may do this independently of, and in addition to, the authority vested in the common school district, of which it forms a part, to make such provision.

It is a well-settled rule of construction of grants by a Legislature to corporations, whether public or private, that only such powers and rights can be exercised under them as are clearly comprehended within the words of the act or derived therefrom by fair and reasonable implication, or are necessary to carry into effect the rights and powers so granted.   This was the rule announced by this court in the case of Henderson v. City of Covington, 14 Bush, 312, and Patton v. Stephens, 14 Bush, 324.   In the latter case, the court, in speaking of an ordinance passed by the city of Covington authorizing the mayor of the city to offer a reward for the arrest of a city treasurer who had been indicted for embezzling the funds of the city, the payment of which had been enjoined at the suit of tax payers, said:   "The question before us is one

of power, not of expediency. . . . It will not do to say that a municipal corporation has power to do an act or expend the city revenue because the thing done or to accomplish which the fund was expended can be shown to tend in some degree to benefit the city. Such a method of ascertaining the powers of corporate bodies would expand their authority far beyond legitimate bounds. Such a rule has not been, and can not, with safety, be adopted." And Mr. Dillon, in his work on municipal corporations (4th edition, section 89), says: "It is a general and undisputed proposition of law that a municipal corporation possesses the following powers, and no others: First, those granted in express words. Second, those necessarily or fairly implied or incidental to the powers expressly granted. Third, those essential to the declared objects and purposes of the corporation not simply convenient and indispensable. And any fair and reasonable doubt concerning the existence of a power is resolved by the courts against the corporation, and the the power is denied. Neither the corporation nor its officers can do any act or make any contract or incur any liability not authorized thereby, or by some legislative act applicable thereto; and all acts beyond the scope of the powers granted are void."

The fact that the Legislature has expressly delegated to cities of the first, second, third and fourth classes power to provide for public education therein and has failed to confer this power upon cities of the fifth and sixth classes, plainly indicates that it was the intention that these municipalities should be controlled by the

provisions of the common school law on this subject. Especially does this appear to be so when they constitute but a portion of the common school district in which they are situated.

The fact that private individuals living within the common school district, and without the corporate limits of the city, make liberal donations for the purpose of aiding the common school district, does not authorize the city council to donate the general funds of the city to that purpose.

Wherefore, the judgment is affirmed.