Blackwell v. Lewis.

CASE 96.—ACTION BY W. D. BLACKWELL AGAINST F. H. LEWIS, TO COMPEL HIM AS CLERK OF THE COUNTY COURT TO CERTIFY TO PLAINTIFF AS SHERIFF OF THE COUNTY, CERTAIN TAXES FOR COLLECTION.—May 10.

## Blackwell v. Lewis

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment    for    defendant.    Plaintiff    appeals. Affirmed.

Where the certificate showing the assessed value of the property of a railroad, in a certain county, was mailed by the auditor to the clerk of said county, December 31, 1905, and received by said clerk on Monday, January 1, 1906, that being the day on which the new sheriff of said county qualified and assumed his duties as sheriff, the new sheriff was entitled to the commission on said taxes, as the term of the outgoing sheriff expired upon the qualification of the new sheriff on that day.

JONSON, WICKLIFFE & JONSON for appellant.

1. The usual practice adopted by the court is, we think, that

Blackwell v. Lewis.

if no time is fixed by statute for the performance by an officer of a public duty, then, it will be held that it ought to be done in a reasonable time.

2. It is our contention that the language of section 4103, "All taxes assessed against any railroad," includes the taxes due to counties, as well as that due to the State.

It is the generally accepted practice, we believe, for the railroads to pay to the auditor, the tax due the State on or before the first day of December, in the year for which the assessment is made. If this contention is correct, then, the tax against the railroad companies due for the year 1905, were certainly due and payable during the term of the appellant, and whether or not the tax had been certified to him, he was and is the person entitled to demand and receive it.

3. Can a public servant, by an omission to discharge a duty imposed upon him by law, alter the time at which a tax due to a county shall become due? Or can a right vested by law in the sheriff to demand and collect the tax, and his consequent right to the commission for the collection, be defeated?

AUTHORITIES CITED.

Kentucky Statutes, sections 4096, 4097-8, 4103.

WILBUR F. BROWDER for appellee.

1. Our contention is that taxes levied in October, 1904, upon an assessment made in December, 1905, and paid over and received by the county in January, 1906, are a part of the revenue of the county for the year 1905.

2. The taxes due from the railroad companies for the year 1905 did not become due and collectible until January 30, 1906, one month after the plaintiffs term of office as sheriff expired.

3. The auditor's certificate was received by the county clerk, appellee, on Monday, January 1, 1906, the same day that the appellants term of office expired, and the new sheriff qualified, and we contend that the new sheriff having on that day qualified and given bond was entitled to collect the railroad taxes which were not due until January 30, 1906.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal presents but one question for consideration, which is whether the tax due Muhlenberg

county from the Louisville & Nashville Railroad Company and the Illinois Central Railroad Company, for the year 1905, under the levy made by the fiscal court of that county in October, 1904, is payable to appellant, W. D. Blackwell, late sheriff of the county, or to appellee, John A. Shaver, the present sheriff of the county. Appellant's term of office expired on the first Monday in January, 1906, which was the first day of the month, and appellee, who was duly elected to the office of sheriff of Muhlenberg county at the November election, 1905, by executing the several bonds required by law and taking the oath of office, duly qualified and assumed the duties of the office on January 1, 1906. Appellant and appellee each claiming the right to receive the tax due from the railroads mentioned, the latter deposited the amounts due from them, respectively, and aggregating $8,644.33, in a bank of Greenville, Ky., leaving to the court the matter of determining which of them shall receive it. Following this action of the railroad companies, appellant brought suit in the circuit court against appellee and F. H. Lewis, clerk of the county court, asking that the latter be restrained from certifying the tax to appellee, Shaver, as sheriff, for collection, and that he be compelled to certify it to appellant as late sheriff, for that purpose. The case was submitted to the lower court upon the pleadings, which contain all the facts pertinent to the question at issue.

It is admitted that the tax levy for county purposes in Muhlenberg county for the year 1905, was made by the fiscal court of the county in October, 1904, and that the tax payable under this levy, from individuals and corporations of the county, other than railroads,

banks, and trust companies, became due and collectible March 1, 1905. Ky. Stat., 1903, section 4143. Taxes collectible from banks and trust companies, under the levy in question, became due July 1, 1905 (Ky. Stat., 1903, section 4092); but those for which the railroads in Muhlenberg county were liable under the same levy did not become due or payable either March 1st, or July 1st, of that year, but, as it happened in this instance, after the expiration of the year. Railroads must, of course, pay taxes for county and municipal, as well as State, purposes; but the time for the payment by them of taxes is not arbitrarily fixed by statute.

The assessment of the property of railroads for taxation is made by the railroad commission as provided by sections 4096 to 4104, both inclusive, Ky. Stat., 1903. The statutory method is comprehensive and effective, but necessarily tedious. It requires an annual report in September from each of the railroad companies to the Auditor, containing a showing of all its taxable property. These reports the Auditor lays before the railroad commissioners, on or before October 1, 1905, and it is then the duty of the railroad commissioners to assess for taxation the property thus reported to them for State, county, and municipal purposes, for the current year. Upon the completion of the assessment by the railroad commission, it becomes the duty of the Auditor to certify the result to the county clerks of the counties through which the railroads pass, and of the clerks to certify the same to the sheriffs, that they may proceed to collect of the railroad companies the tax assessed against them. The statute does not prescribe the time within which the assessment must be made by the railroad commis-

sioners, but the fact that the Auditor is required to furnish them the reports from railroads by October 1st would seem to indicate that in legal contemplation the assessment is to be made during the month of October, and though it may be done later, it should be treated as having been done within that month.

In the case at bar, it is not made to appear when the assessment was made by the railroad commissioners, but it was manifestly later than October, 1905, as the certification thereof was not mailed to the clerk by the Auditor until December 31, 1905, and it is but fair to infer that both the railroad commissioners and Auditor performed the duties required of them respectively, in a proper manner and in reasonable time. It is patent that the tax due from each of the railroads in question, whether collected by the present or the late sheriff, belongs to, and should be treated as, a part of the revenue of the county for the year 1905. As already indicated, the certificate showing the assessed value of the property of the railroads was mailed by the Auditor from Frankfort, December 31, 1905. It did not reach appellee Lewis, county clerk, until January 1, 1906, the day on which the new sheriff qualified and assumed the duties of his office, and it does not appear that the clerk furnished or certified these tax claims to either the old or new sheriff, or that he had time to do so before this controversy arose. It does not appear at what hour of that day the certificate was received by the clerk, or at what hour the new sheriff was inducted into office, but as in such matters the law takes no account of parts of a day, his duties as sheriff ought probably to be regarded as commencing with the beginning

of the day. In any event, the old sheriff's incumbency of the office ceased, when, and as soon as his successor qualified, and his bonds were approved.

Ky. Stat., 1903, section 4135, provides: "The outgoing sheriff, as soon as his successor has been qualified, and his bond approved, shall immediately vacate his office, and shall make a full and complete settlement of his accounts as sheriff.  *  *  *"

"The sheriff, by virtue of his office, shall be the collector of all State, county and district taxes, unless the payment thereof is by law, specially directed to be made to some other officer." Ky. Stat., 1903, section 4129.

Though in this case either the outgoing and present sheriff on January 1st had received of the clerk possession of the certificate showing the assessment of the property of the railroads, and had demanded of the railroad companies payment of the taxes due, as under the statute the latter had 30 days after receiving notice of the assessment, which in this case, was January 1st, to pay the tax, they could not have been forced to do so sooner. Appellant was not sheriff after the qualification of his successor, on January 1st, hence he would have been powerless to collect these taxes, unless the railroad companies had voluntarily paid them before his successor qualified, which they did not do, or offer to do.

It is, however, contended by counsel for appellant, that he, as outgoing sheriff, had the right to collect all unpaid taxes for the year 1905. We do not think this contention sound. If a sheriff must, as provided by section 4135, supra, upon the qualification of his successor, not only immediately vacate his office, but also make a complete settlement of his accounts, and

if by such settlement he pays the State or county all collectible taxes that may not have been collected by him during his incumbency of the office of sheriff. these uncollected taxes, for which he thus accounts, should be repaid him as collected, whether by him or another. But in the case at bar the situation is different. The outgoing sheriff has not accounted for the tax due from either of the railroad companies. He was never charged with it, and it was not even collectible during his incumbency of the office of sheriff. Upon the state of case presented, we think the circuit judge correctly decided that the present sheriff is entitled to collect the tax in controversy.

Judgment affirmed.