### Allen, Sheriff v. Elkhorn Coal Corporation.

(Decided March 6, 1925.)

#### Appeal from Floyd Circuit Court.

1. Schools and School Districts—Power to Organize Schools Not Conferred by Fifth and Sixth Class City Charters.—Charters of cities of fifth and sixth classes, incorporated since adoption of present Constitution, do not confer power by ordinance to organize and conduct schools therein.

2. Schools and School Districts—Power to Organize Separate Districts Not Conferred on Fifth and Sixth Class Cities by School Law.—Provision in Ky. Stats., section 4432, that when a city, town, or village establishes and maintains system of common schools, adequate for and free to all children, same shall be deemed one district and entitled to its proportion of school fund, held not to confer power on cities of fifth and sixth classes to create separate districts.

3. Statutes—Construction Held Short in Both Duration and Extent of Being Binding Executive Construction.—In suit by certain taxpayers of two sixth class cities to enjoin collection of county school taxes upon theory that they were separate districts, former approval, by state superintendent upon advice of two succeeding Attorney Generals, of attempt of these cities to create separate districts, held to fall short in both extent and duration of being contemporaneous construction of Ky. Stats., section 4432, binding upon court.

4. Statutes—Construction of School Law Held Not Recognized and Confirmed by Subsequent Legislative Action.—Contention that construction of Ky. Stats., section 4432, as conferring power upon fifth and sixth class cities to create separate school districts has been recognized and confirmed by subsequent legislative enactments held groundless, enactments referred to proving only legislative recognition that many such cities were maintaining separate schools under special legislative acts.

5.  Schools and School Districts—Cities of Sixth Class Held Part of County School District in Absence of Special Legislative Act and Subject to Taxes Levied by Fiscal Court.—Two sixth-class cities which had not been granted power to organize separate school districts by special legislative act held part of common school district of county, and subject to taxes levied by fiscal court pursuant to Ky. Stats., section 4399a-8.

6.  Schools and School Districts—That Cities of Sixth Class are Maintaining Better Schools than could County Board Held Immaterial.—In suit by certain taxpayers of two sixth-class cities to enjoin collection of county school taxes, levied by fiscal court pursuant to Ky. Stats., section 4399a-8, on theory that cities were separate school districts, fact that schools maintained by these cities were as good or better than county board could maintain on its limited tax rate held immaterial.

7.  Schools and School Districts—That Largest Taxpayer Favors Maintenance of School Districts Separate from County Held Immaterial.—In suit by certain taxpayers of two sixth-class cities to enjoin collection of county school taxes upon theory that they were separate school districts, fact that by far the largest taxpayer of both cities preferred to pay the larger tax levied by city in order that schools be best possible held beside issue.

EDWARD L. ALLEN, B. F. COMBS, A. J. MAY and W. P. MAYO, County Attorney, for appellant.

O'REAR, FOWLER & WALLACE, E. W. PENDLETON and JAMES & WALLEN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The single question presented by this appeal is whether or not cities of the fifth and sixth classes, incorporated since the adoption of the present Constitution, possess the power by ordinance to organize and conduct schools therein. Unless so, then by section 4426a-1, such territory is a part of the county school district, and schools therein are subject to the control and management of the county board of education (sections 4399a-1 to 4399a-15).

That no such power is conferred by charters of such cities has been expressly decided several times by this court. Roberts v. Clay City, 102 Ky. 88, 42 S. W. 909; Mayor, et al., of City of Eminence v. Wilson, et al., 103 Ky. 326, 45 S. W. 81; Trustees v. City of Vanceburg, 46 S. W. 1; Harrodsburg, etc. v. Trustees, etc., 105 Ky. 675, 49 S. W. 538; Hickman College v. Trustees Colored Common School District, 111 Ky. 944, 65 S. W. 20; Chambers v. Adair, 110 Ky. 942, 62 S. W. 1129.

In the case of Mayor v. Wilson, *supra,* the court said, as was held in substance in each of these cases:

"The fact that the legislature has expressly delegated to cities of the first, second, third and fourth classes power to provide for public education therein and has failed to confer this power upon cities of the fifth and sixth classes, plainly indicates that it was the intention that these municipalities should be controlled by the provisions of the common school law on this subject."

So far the parties agree, but for appellee it is contended such power is conferred by the school law of the state in that part of section 4432 of the statutes which reads:

"When a city, town or village establishes and maintains a system of common schools adequate to the teaching of all children therein, and which all applying for instruction are permitted to attend free of charge, the same shall be deemed one district and entitled to its proportion of the school fund."

This provision, however, has been carried into the present school law, in the same terms, from the school law in force before the adoption of the present Constitution, and before which time it was never contended or believed by anyone to grant the power now claimed for it, as is attested by the fact that in every village, town or city where such power was then exercised, it was granted by special act of the legislature. It is, therefore, clear that it was not intended to confer a power withheld by the charters of such cities, adopted pursuant to the present Constitution, but simply recognizes a condition that existed under the old and has been permitted to continue under the new Constitution, namely: That in many cities of the fifth and sixth classes such schools had been established and were being maintained under special acts of the legislature. The fact is made clear, as is explained in several of the cases, *supra,* by the provision in the next following section of the statutes (4433), that:

"This law is not to affect, modify or repeal any local or special law heretofore passed which established any city or town in one district."

As this is the only section of the school law relied upon as conferring the power, it is clear, as all members of the court agree, it has not been expressly conferred.

It, however, is earnestly insisted that that section has been construed as conferring such power, not only by the school and legal departments of the state for many years, but that such construction has been recognized and confirmed by subsequent legislative action.

If this were true, a strong case would be made out for our adoption of such contemporaneous construction, even though there seems to us but scant support therefor in the language employed in that section. So far as this record discloses, the two cities of the sixth class here involved, Wayland and Wheelwright, are the only ones organized since the adoption of the present Constitution that have attempted by ordinance to create and manage public schools under an assumed authority so to do from this section, or otherwise.

The older of these towns was incorporated in 1917, and while its action in so doing was approved by the state superintendent of public instruction upon advice of the then attorney general of the state, which advice was also approved in 1923 by a succeeding attorney general, it is at once apparent that such construction is lacking in both duration and extent to give it the effect of a contemporaneous construction binding upon the court, and especially where, as here, the statute construed affords little, if any, support for such a construction.

Then again there is, we feel sure, no ground whatever for the contention that the legislature, by subsequent enactments, has recognized or approved such construction. Basis for this contention is the fact that similar language to that quoted above from section 4432 is found in several more recent statutes, but these sections, just as section 4432, prove only that the legislature recognized the fact that in many cities and towns of the fifth and sixth classes schools had been organized and were being maintained by such cities under authority of special acts of the legislature, enacted before the adoption of the new Constitution. The only reasonable inference from such language in all of these statutes is that the legislature referred to cities and towns of the fifth and sixth classes wherein schools had been legally organized and were being conducted under express legislative authority, and not, as in these two towns, by the *ipsi dixit* of such towns by ordinance and without authority so to do ever having been conferred upon them.

This is particularly true since this court, in the numerous cases, *supra,* had expressly held that cities of the fifth and sixth classes were without such legislative authority, and all of these decisions were rendered with section 4432 on the statute book in the precise language as it is now.

We are, therefore, constrained to hold that these two cities are parts of the one common school district in Floyd county, and that all property located therein is subject to the levy of the fiscal court, made, as provided by section 4399a-8 of the statutes, upon request of the county board of education for the benefit of the common schools of the county.

The facts, clearly established, that the schools, maintained by these two cities by a tax rate of $1.25 upon the $100.00 worth of property, are as good if not much better than the county board of education will be able to maintain therein under its limit of fifty cents on the $100.00 worth of property, and that appellee, by far the largest taxpayer of both towns, prefers to pay the larger rate rather than the smaller in order that the schools may be the best possible, while most commendable, are wholly beside the purely legal question presented for our decision, and cannot, therefore, be permitted to control same.

As the judgment of the lower court enjoins the collection of the taxes levied by the fiscal court, pursuant to section 4399a-8, on appellee's property in these towns for the benefit of the common schools of the county, upon the theory that the towns are not in the county district but are separate city districts, it is erroneous and must be reversed.

Wherefore, the judgment is reversed, and the cause remanded with directions to dismiss appellee's petition.

The whole court sitting.