## Elkhorn Coal Corporation v. Moore, Ex-Sheriff, et al.

(Decided November 22, 1927.)

### Appeal from Floyd Circuit Court.

1. Motions.—One who consents to an order cannot complain that he did not have notice of it, and consent may be given after order has been entered no less than before.

2. Schools and School Districts.—Where orders of county court exonerating certain property from common school taxes were delivered to sheriff as they were made and in his settlements he was credited with them, sheriff consented to orders by presenting them as proper credits in his settlements and could not maintain that they were entered without authority.

3.  Schools and School Districts.—Where county court made orders
    exonerating plaintiff's property on which it paid graded school
    taxes from common school taxes, outgoing sheriff being under no
    liability for common school taxes, since he had been regularly
    credited by such taxes in his annual settlements and in his final
    settlement, was not authorized after his term to collect them.

O'REAR, FOWLER & WALLACE, J. WOODFORD HOWARD and
W. P. MAYO for appellant.

B. F. COMBS and COMBS & COMBS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Wayland and Wheelwright are incorporated towns
of the sixth class in Floyd county. The first was created
in the year 1913, and the second in 1917. These towns
decided to create independent graded school districts
and operate their own schools in order to avail them-
selves of the high rates of taxation permitted to be lev-
ied and collected in such districts. This was indorsed
and recommended by both the county and state super-
intendents and the county board of education, and the
Attorney General of Kentucky advised that such graded
school districts might be legally created by ordinances
enacted by the respective town trustees. Relying upon
this advice, the respective boards of trustees, on June
18, 1917, enacted ordinances creating independent graded
school districts, coextensive with the corporate bound-
aries of the town. Schools were promptly established
and put in operation, which carried complete courses in
all subjects required by law to be taught in the common
schools. The course of study was approved by the county
superintendent and the state superintendent.

The Elkhorn Coal Corporation owned a large prop-
erty in Floyd county which it gave in for assessment each
year to the county assessor, but each year it paid the
graded school tax on its property lying within the two
towns referred to, and, as it had paid this tax, the county
court made orders exonerating it from the payment of
common school taxes on so much of its property as lay
within these two towns. Thus things ran along for four
years, but in Allen, Sheriff, v. Elkhorn Coal Corporation,
208 Ky. 108, 270 S. W. 743, decided March 6, 1925, it was
held by this court that these towns were without author-
ity to create separate school districts and that the or-
dinances enacted in 1917 were invalid. Appellee Moore

was the sheriff of Floyd county during the years 1918, 1919, 1920 and 1921. His term expired on the first Monday in January, 1922. He made no attempt to collect the common school taxes on the property in these towns while in office. The orders of the county court exonerating this property from such taxes were delivered to him as they were made and in his settlements he was credited by them. At the end of his term he made a final settlement in which he was credited as before by these orders, and this settlement was approved. After his term expired, and in December, 1922, Moore, ex-sheriff, made a levy on the property of the Elkhorn Coal Corporation for the common school taxes on its property in these two towns, and advertised the property for sale on January 22, 1923. Thereupon the coal company brought this action to enjoin him from selling its property under the levy. At the institution of the action an injunction was granted, but on final hearing the circuit court discharged the injunction and dismissed the petition. The coal company appeals.

As a matter of fact the coal company during each of the four years in controversy paid the graded school taxes, which were higher than the common school taxes, and this money went to educate the children in these two districts, and thus took them out of the territory in which the common schools were maintained, and thus left the whole of that fund to be apportioned among those schools. But the first question in the case is: Has the sheriff, nearly a year after his term expired, power to levy on and sell the property of the taxpayer for these taxes, when he had, during his term, treated them always as not in his hands for collection? In 35 Cyc. p. 1545, the rule is thus stated:

> "The mere delivery of a process or writ to a sheriff does not give him an indefeasible right to execute it, but, if he does not commence to execute it before going out of office, he can not afterward proceed to do so."

To the same effect, see 24 R. C. L. p. 918; Ferguson v. Williams, 3 B. Mon. 302, 39 Am. Dec. 466; Blackwell v. Lewis, 122 Ky. 845, 93 S. W. 40, 29 Ky. Law Rep. 385.

Moore was not charged with these taxes or liable therefor; he had been regularly credited by these taxes in his annual settlements, and in his final settlements,

and the final settlement had been duly approved. He was thus released entirely from all obligation to collect these taxes as long as that settlement stood, and it has been surcharged in no way. It is insisted that the orders of the county court exonerating the property were void because made without notice to Moore. But a person who consents to an order can not complain that he did not have notice of it and consent may be given after the order has been entered no less than before. Moore consented to these orders by presenting them as proper credits in his settlement, and he can not now maintain that they were entered without authority. Having been credited by these taxes, and being under no liability for them, the outgoing sheriff was not authorized after his term to collect them. 12 C. J. p. 578, note 38b; 6 R. C. L. p. 600.

No other question is decided. The judgment is reversed, and the cause is remanded for a judgment perpetuating the injunction.